UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FRED DIXON, | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civil Action No. 23-30064-MGM |
| | * | |
| v. | * | |
| | * | |
| | * | |
| KAMINS REAL ESTATE, ET AL., | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM AND ORDER
September 11, 2023

MASTROIANNI, U.S.D.J.

For the reasons set forth below, the court dismisses this action for lack of subject matter jurisdiction.

**I. BACKGROUND**

On June 21, 2023, Plaintiff Fred Dixon, a resident of Amherst, Massachusetts, filed a self-prepared complaint on the preprinted Pro Se 1 form provided by the Administrative Office of the United States Courts. (Dkt. No. 1, Compl.) Named as Defendants are an Amherst property management firm and an Amherst social services organization. (*Id.* at 1 (caption), ¶ I (the parties to the complaint).) Plaintiff checked the box indicating "diversity of citizenship" jurisdiction. (*Id.* at ¶ II(A) (basis for jurisdiction).) For the statement of claim, Plaintiff wrote "Harassment & Wrongful Eviction, Extortion." (*Id.* at ¶ III (statement of claim).) For relief, Plaintiff seeks "Financial Remediation." (*Id.* at ¶ IV (relief).) On the civil cover sheet accompanying the complaint, Plaintiff checked the nature of suit categories for "civil rights" and states that the cause of action is "discrimination, harassment, extortion, pain [and] suffering." (Dkt. No. 1-1, Civil Cover Sheet).

With the complaint, Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs. (Dkt. No. 2, Application). This action was randomly assigned to Magistrate Judge Katherine A. Robertson pursuant to the District Court's Program for Random Assignment of Civil Cases to Magistrate Judges. (Dkt. No. 3). The case was subsequently reassigned to the undersigned on September 6, 2023. (Dkt. No 4).

## II. THE COMPLAINT IS SUBJECT TO SCREENING

The court has an independent obligation to inquire, *sua sponte*, into its subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004). It is long settled that "[t]he party invoking federal jurisdiction has the burden of establishing that the court has subject matter jurisdiction over the case." *Amoche v. Guar. Trust Life Ins. Co.*, 556 F.3d 41, 48 (1st Cir. 2009) (citing cases).

Because Plaintiff is self-represented, the court will construe his complaint generously. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Rodi v. New Eng. Sch. of Law*, 389 F.3d 5, 13 (1st Cir. 2004). However, as set forth below, Plaintiff's allegations are insufficient to establish either diversity or federal question jurisdiction.

## III. DISCUSSION

To invoke this court's subject matter jurisdiction, Plaintiff must allege either that this action raises a federal question, in that the cause of action arises under federal law, or that this court has diversity jurisdiction over the matter. *See* 28 U.S.C. § 1331 (federal question) and § 1332 (diversity). To establish diversity jurisdiction, Plaintiff must assert that the parties are citizens of different states, *see id.* at § 1332(a)(1), and that the amount in controversy in this action exceeds $75,000. *See id.* at § 1332(b).

Here, Plaintiff does not set forth any federal cause of action upon which relief may be granted. The federal civil rights statute, 42 U.S.C. § 1983, "furnishes a cause of action against any person who, while acting under color of state law, transgresses someone else's constitutional rights." *Alfano v. Lynch*, 847 F.3d 71, 74 n.1 (1st Cir. 2017) (citing *Kalina v. Fletcher*, 522 U.S. 118, 123 (1997)). In order to state a claim under §

1983, Plaintiff "must show that the alleged deprivation of [his] constitutional rights was committed by a person acting under color of state law." *Rodriques v. Furtado*, 950 F.2d 805, 813 (1st Cir. 1991). Private conduct, no matter how discriminatory or wrongful, is generally beyond the reach of § 1983. *González-Maldonado v. MMM Healthcare, Inc.,* 693 F.3d 244, 247-48 (1st Cir. 2012). Plaintiff has not alleged any state action and has not asserted federal question jurisdiction. Accordingly, the court lacks federal question subject matter judication.

In addition, given the fact that the parties are all located in Massachusetts, this court is without diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See Alvarez-Torres v. Ryder Mem'l Hosp., Inc.*, 582 F.3d 47, 54 (1st Cir. 2009) ("[D]iversity jurisdiction does not exist where any plaintiff is a citizen of the same state as any defendant."). Even if diversity of citizenship existed, there is no basis to find that the amount in controversy exceeds $75,000. Therefore, this court does not have jurisdiction over this case based upon diversity jurisdiction.

### IV. CONCLUSION

For the reasons set forth above,

1. The complaint is dismissed pursuant to Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction.

2. The Clerk shall enter a separate order of dismissal.

It is So Ordered.

                                                 /s/ Mark G. Mastroianni  
                                                 MARK G. MASTROIANNI  
                                                 United States District Judge